R. H. USHER v. THE STATE.

No. 2694.   Decided June 1, 1904.

**1.—Charge of the Court—Harmless Error.**

Where under an indictment with two counts, one for forgery and the other for passing a forged instrument, there is evidence to support either count, there was no error in improperly charging the jury in effect to consider first whether appellant was guilty of forgery, and if they acquitted him of this offense, they might then consider whether he was guilty of passing as true a forged instrument.

**2.—Same—Bill of Exceptions—Point Not Reserved.**

Where the point was not reserved by bill of exceptions, to the effect that the court charged on the weight of the evidence, it will not be considered.

**3.—Same—Two Counts—Circumstantial Evidence.**

Where the court instructed on circumstantial evidence on the first count in the indictment for forgery, but failed to do so on the second count for passing a forged instrument as true, there was no error, in the absence of that issue; the evidence being direct.

**4.—Evidence—Best Evidence—Point Not Reserved.**

Where there is no bill of exception, the question of the introduction of secondary evidence will not be considered.

**5.—Same—Right to Be Heard by Counsel.**

The question as to defendant's right to be heard by counsel will not be considered in the absence of a bill of exception.

Appeal from the District Court of Wilson. Tried below before Hon. M. Kennon.

Appeal from a conviction of forgery; penalty, four years imprisonment in the penitentiary.

G. P. Palmer, one of the sureties on the alleged forged note, testified that he and defendant had married sisters; that two or three years ago he signed several notes with defendant, to help him out, but had signed none since and never authorized anyone to sign his name to a note. He testified that he never saw the note in question until the trial begun, and that he did not sign it, or authorize anyone else to do so. The State then introduced the note described in the indictment, which was of date March 4, 1903, for $50, payable to H. W. Wiseman & Co., ninety days after date, etc. Signed, R. H. Usher, Leander Hayden, T. C. McDaniel and G. P. Palmer.

Leander Hayden, another surety, testified that he had not signed said note or authorized anyone to do so. T. C. McDaniel said that at the time he signed the note the name of G. P. Palmer was not to the note. W. R. Wiseman testified that defendant came to the bank of his firm to borrow money; the note was written out and handed him with the remark that if he could get acceptable sureties on same, it would be accepted, whereupon defendant the same day, or the next, returned the note with the above names on it, and the amount was passed to his credit. Defendant's wife afterwards paid the note, but witness, suspecting that there was something wrong, kept a copy.

The State also introduced a deed from Leona E. Hayden to defendant for 106 2-3 acres of land in Wilson County, Texas, dated August 28, 1902, which was also shown to be a forgery, as well as the acknowledgment and record thereof.

*W. O. McIndoo* and *T. J. McMinn,* for appellant.—There was no evidence adduced that any person other than R. H. Usher forged the instrument in question. R. H. Usher admitted signing the names to the note, and the only question at issue in the case was as to whether or not he had authority to so sign the names of Leander Hayden, G. P. Palmer and T. C. McDaniels to the note. If the jury had a reasonable doubt as to this, they should not have considered the passing of a forged instrument. The charge must be applicable to, and limited by the evidence. Code Crim. Proc., art. 716; O'Connell v. State, 18 Texas, 343; Hudson v. State, 40 Texas, 13; Brown v. State, 6 Texas Crim. App., 287; Smith v. State, 8 Texas Crim. App.. 141; Berry v. State, 8 Texas Crim. App., 515; Robby v. State, 14 Texas Crim. App., 528; Burkhard v. State, 18 Texas Crim. App., 599; Rogers v. State, 32 Texas Crim. Rep., 447; Surrell v. State, 29 Texas Crim. App., 321.

Believing that fundamental error is in the foregoing charge to the jury, we ask that it be considered, although counsel was not present at the trial to object to the same, and not knowing what evidence was adduced until the record was prepared, it was not mentioned in a motion for a new trial, nor in a bill of exception. This court has held, in a long line of decisions, that where error in the charge of the court is fundamental, it will constitute reversible error, though it was not excepted to. A fortiori, it may be said that if counsel was not present at the trial, and was not in possession of the statement of facts, fundamental error in the charge not excepted to would be reversible. Hennessey v. State, 23 Texas Crim. App., 340; Burks v. State, 24 Texas Crim. App., 326; James v. State, 32 Texas Crim. Rep., 473; Thornley v. State, 36 Texas Crim. Rep., 119; Clark v. State, 30 Texas Crim. App., 402; Santele v. State, 37 S. W. Rep., 436; and cases cited, White's Crim. Proc., sec. 822.

On question of right to be heard by counsel: Booth v. State, 4 Texas Crim. App., 202; Webb v. State, 4 S. W. Rep., 989; Stockholm v. State, 24 Texas Crim. App., 598.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—The indictment contains two counts: the first for forgery, and the second passing as true a forged instrument. The court submitted both counts to the jury and the conviction was under the second count, the penalty assessed being four years' confinement in the penitentiary.

Appellant insists that the court erred in submitting to the jury the second count in the indictment because there was no evidence authorizing the submission of this count; and for the further reason that the acquittal of this count was proof that there was no evidence authorizing the submission of the second count. The record shows that the court instructed the jury, in effect, to consider first whether appellant was guilty of forgery, and if they acquitted him of this offense, they might then consider whether he was guilty of passing as true a forged instrument. This was not the proper way in which to submit these counts, but it is not a matter of which appellant can complain. The evidence is amply sufficient to support either count.

Appellant complains of the following portion of the court's charge: "If evidence has been introduced which tends to show forgery or passing as true any forged instrument other than the instrument set out in the indictment," etc. Appellant insists that this charge is upon the weight of the evidence. However, this exception is not reserved either by bill of exceptions or in motion for new trial; and therefore can not be reviwed by this court. See art. 723, Code Crim. Proc.

The court instructed the jury that the State relied for a conviction upon circumstantial evidence as the first count, but did not charge the law of circumstantial evidence as to the second count. This is not a case of circumstantial evidence, and the court was not authorized to so

charge, inasmuch as the evidence was positive as to the passing of the instrument.

Appellant further insists that the best evidence of which the case was susceptible was not introduced. This may be true, but he has no bill of exceptions to the introduction of secondary evidence, and for that reason it can not be reviewed.

He also complains of the failure of the court to continue the case on account of the absence of counsel. There is no bill of exceptions reserved verifying this matter, and hence it can not be reviewed.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]